Freddie WILLIAMS,
Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden, Louisiana
State Penitentiary, et al.,
Defendants-Appellees.

No. 83–3087
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1983.

Freddie Williams, pro se.

Kay Kirkpatrick, Baton Rouge, La., for defendants-appellees.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant Freddie Williams is serving concurrent fifty-year state sentences for

---

aggravated burglary and attempted second-degree murder. He was billed as an habitual felon in each count. In his habeas corpus petition, Williams alleged that his convictions on the two counts resulted in double jeopardy under the test enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

In its answer to the habeas petition, the State of Louisiana asserted that Williams had "not suffered any prejudice." The magistrate construed this cryptic statement as an invocation of the concurrent sentence doctrine. He recommended denial of the petition on this basis, noting that the second sentence affected neither the length of Williams' imprisonment nor his eligibility for parole. The district judge adopted the magistrate's report, detailed various provisions of state law affecting diminution of sentence and parole eligibility, and found "no significant likelihood" that Williams would suffer "adverse collateral consequences" from an unreviewed conviction. Williams filed a timely notice of appeal, and the district judge granted a certificate of probable cause to appeal. We affirm.

### Discussion

■ The concurrent sentence doctrine provides that if a prisoner is serving two or more concurrent sentences, and a reviewing court determines that one of the sentences is valid, the court may decline to review or consider the remaining sentence(s). *Rogers v. Wainwright,* 394 F.2d 492, 492–93 (5th Cir.1968). The doctrine is based on judicial convenience and economy. *United States v. Barsaloux,* 419 F.2d 1299, 1300 (5th Cir. 1969), *citing Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). This circuit has long applied the concurrent sentence doctrine in habeas corpus cases, such that if a prisoner's conviction and sentence on one count are upheld, then it is proper for a court to· decline to review identical sentences on other counts and to deny habeas relief on this basis. *See Rogers v. Wainwright, supra,* 394 F.2d at 493; *Dennis v. Hopper,* 548 F.2d 589, 590 (5th Cir.1977); *accord, United States v. Neff,*

525 F.2d 361, 363–64 (8th Cir.1975). The Seventh Circuit has succinctly summarized the current state of the law in those circuits, including ours, which recognize the validity of the concurrent sentence doctrine:

> Essentially, the state of the law now is that it is in the discretion of the habeas court whether it will examine the validity of one conviction, despite a valid second conviction for which petitioner is serving a concurrent sentence, or refuse to pass on the constitutionality of the conviction, based on the court's assessment of the collateral effect of the conviction. "The proper exercise of this discretion depends upon the degree of prejudice that may be attributed to the challenged conviction . . . ." The Fourth Circuit sees the application of the concurrent sentence rule, after *Benton,* as "restricted to situations where there is no substantial possibility that the unreviewed conviction will adversely affect the defendant's right to parole or expose him to a substantial risk of adverse collateral consequences."

*Cramer v. Fahner,* 683 F.2d 1376, 1380–81 (7th Cir.1982) (case citations and footnote omitted), *cert. denied,* —— U.S. ——, 103 S.Ct. 376, 74 L.Ed.2d 509 (1982). Like the Fourth Circuit interpretation given in the quoted passage, the prevailing view in this circuit is that the concurrent sentence doctrine may be applied if there are no adverse collateral consequences. *See, e.g., United States v. Rubin,* 591 F.2d 278, 280 (5th Cir.), *cert. denied,* 444 U.S. 864, 100 S.Ct. 133, 62 L.Ed.2d 87 (1979); *see also United States v. Gray,* 626 F.2d 494, 501–03 (5th Cir.1980), *cert. denied,* 449 U.S. 1091, 101 S.Ct. 887, 66 L.Ed.2d 820 (1981).

■ In the case at hand we agree with the district court that it does not appear that any adverse collateral consequences result from application of the concurrent sentence doctrine. Williams sole contention on the merits is that he was subjected to double jeopardy by being convicted for two offenses which he claims are the same crime. Although we doubt that Williams could prevail on the merits of this claim, *see Missouri v. Hunter,* —— U.S. ——, 103

S.Ct. 673, 74 L.Ed.2d 535 (1983), even assuming that he could, the maximum habeas relief available would be the invalidation of one of the sentences, and as the two sentences here are strictly identical in length, it would not matter which one were set aside. Moreover, because Williams was sentenced in each case as a third-time offender, he is not eligible either for parole on or diminution of either sentence. *See* La. Rev.Stat.Ann. §§ 15:571.3(C)(1), 15:574.4(A) (West 1981 and Supp.1983). *Cf. Imbler v. Oliver,* 397 F.2d 277, 277–78 (9th Cir.1968) (state prisoner confined under concurrent sentences could by federal habeas corpus attack one sentence where but for that sentence he would be eligible for parole on other convictions). Williams makes no argument that the judge considered the fact that he was convicted of two offenses in assessing a fifty-year sentence. *Cf. U.S. v. Gray, supra,* 626 F.2d at 503 (petitioner asserted, but failed to prove, that challenged counts influenced sentence on unchallenged counts).

AFFIRMED.