Jewell SCOTT, Petitioner–Appellant,

v.

STATE OF LOUISIANA and Bruce Lynn, Secretary Department of Corrections, Respondents–Appellees.

No. 90–3069.

United States Court of Appeals, Fifth Circuit.

June 27, 1991.

**632**

Jewell Scott, pro se.

Gregory C. Champayne, Asst. Dist. Atty., Hahnville, La., for respondents-appellees.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

A Louisiana state court convicted Jewell Scott of one count of second degree murder and of two counts of attempted second degree murder. After exhausting his state court remedies, Scott brought a habeas corpus petition in federal district court pursuant to 28 U.S.C. § 2254 (1988). He alleged that (1) he received ineffective assistance of counsel, (2) the evidence was insufficient to support his conviction for second degree murder, (3) the trial court denied him due process by refusing his request for money for a ballistics expert, and (4) the trial court violated his due process rights by erroneously instructing the jury. The district court denied relief.

## I. FACTS AND PRIOR PROCEEDINGS

Scott arranged to sell fifty pounds of marihuana to Eddie Collins and his son, Alvin Collins. At the appointed time for the transaction, Scott led the elder and younger Collins and their confederate, Robert Davis, to a deserted dead end road. Scott drove his car; the other three followed in Eddie Collins' car. Upon arriving at the destination, Scott exited his vehicle and proceeded to examine his engine. Eddie Collins, Alvin Collins, and Davis stepped out of their car as a third vehicle approached from behind. Two unidentified men emerged from the third car and began firing at Eddie Collins, Alvin Collins, and Davis. Alvin Collins and Davis testified that Scott fired a gun at them and at Eddie Collins. Eddie Collins died as a result of the shooting. Alvin Collins was wounded but escaped along with Davis by running into a nearby sugarcane field.

A jury convicted Scott of one count of second degree murder of Eddie Collins, one count of attempted second degree murder of Alvin Collins, and one count of attempted second degree murder of Davis. The trial court sentenced Scott to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for the murder conviction and to fifty years at hard labor for each attempted murder conviction, to be served concurrently with the life sentence.

The Louisiana courts affirmed on direct appeal Scott's convictions and sentences. *State v. Scott*, 490 So.2d 396 (La.Ct.App. 1986). Scott exhausted his state habeas remedies. *Scott v. Phelps*, 543 So.2d 13 (La.1989) (memorandum opinion). Pursuant to 28 U.S.C. § 2254 (1988), Scott filed a petition for habeas corpus relief in federal district court. After analyzing each of Scott's claims, the district court dismissed the petition. Scott then filed a timely notice of appeal. We granted his motion for a certificate of probable cause.

## II. DISCUSSION

### A. Assistance of Counsel

Scott argues that he received ineffective assistance of counsel. Specifically, he contends that his two attorneys should have objected to his being prosecuted as a "principal." The attorneys should have

done so, Scott argues, because the indictment did not state that he was going to be tried as a "principal" and therefore the state could not have pursued that claim.

■ Nothing in the record suggests that defense counsels' actions fell below an objective standard of professionally competent assistance with respect to the law of principals. Scott seems to believe that the term "principal" as used in the Louisiana statutes is itself a crime and that he was not apprised of this charge because it was not included in the indictment. The term "principal" in the Louisiana statutes defines the parties to crimes. Alone, it is not a definition of proscribed conduct. Scott's attorneys did make a request for a special instruction on the law of principals which the trial court denied. Instead the trial court read the definition of principal to the jury. The trial court's action was upheld by the Louisiana Court of Appeals. *Scott*, 490 So.2d at 403.

Additionally, nothing suggests that Scott was prejudiced in any way from this alleged error. Scott has met neither prong of the test for ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### B. Ballistics Expert

■ Scott contends next that the trial court abridged his due process rights by refusing to grant his motion for funds to secure a ballistics expert to examine the one bullet recovered. He relies on *Barnard v. Henderson*, 514 F.2d 744 (5th Cir. 1975). In *White v. Maggio*, 556 F.2d 1352, 1356 (5th Cir.1977), we explained *Barnard* as requiring relief "only if the state prevented inspection by defense experts of tangible evidence that is both 'critical' to the conviction and subject to varying expert opinion."

Scott has demonstrated neither of these conditions. Ballistics evidence was certainly not critical to the conviction. The crux of the prosecution's case was the testimony of Alvin Collins and Davis, two eye-witnesses. The nature of the bullet recovered could have no negative effect on the strength of the eye-witnesses' testimony that Scott fired his gun at the three men. Further, the bullet has little meaning because the state never found any weapons. Scott has failed to show how the expert assistance would help his case. Neither has Scott shown that the ballistic evidence would have been open to varying expert interpretation. Thus, the trial court did not err in refusing the motion.

### C. Sufficiency of Evidence

■ Scott argues that the prosecution did not present sufficient evidence to support his conviction for the second degree murder of Eddie Collins. On a sufficiency claim in a habeas corpus case, we view the evidence in the light most favorable to the prosecution, and we affirm the district court if we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

At the time the charged offense was committed, Louisiana defined second degree murder as the killing of a human being when (1) the accused has the specific intent to kill or to inflict great bodily harm or (2) the accused is engaged in the perpetration of one or more of certain felonies, including armed robbery, even though he has no intent to kill or inflict great bodily harm. La.Rev.Stat.Ann. § 14:30.1. Louisiana law also provides that "all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals." *Id.* at 14:24.

Alvin Collins and Davis testified that Scott arranged for them to buy fifty pounds of marihuana and led them down a deserted road to complete the transaction. The sale never occurred because Scott and the other two gunmen started shooting at the Collinses and Davis. When Davis returned to his car, he discovered that the

money he brought for payment, $20,000, was missing.

Scott testified on his own behalf. He admitted arranging the deal but contended that he was unarmed and played no part in the shooting.

The elements of second degree murder were proved with ample evidence. When prosecution and defense witnesses give contradictory testimony, the jury decides which witnesses to believe. We may not substitute our judgment regarding these determinations for that of the jury. *Marler v. Blackburn,* 777 F.2d 1007, 1012 (5th Cir.1985). Reasonable jurors could readily conclude, relying on the testimony of Alvin Collins and Davis, that Scott intended to kill or do great bodily harm to Eddie Collins. The testimony as to the missing money would also support an inference that Scott's actions fell within the felony-murder doctrine. Rational jurors could have found each element beyond a reasonable doubt.

### D. Jury Instruction

■ Scott contends that he was deprived of his constitutional right to due process by an erroneous jury charge. The state does not dispute that the trial court erred in its charge to the jury. The erroneous charge provided:

> Thus, in order to convict the defendant of attempted second degree murder, you must find that an attempt was made to kill Alvin Collins and Robert Lee Davis, and that the defendant acted with a specific intent to kill *or to inflict great bodily harm; or that an attempt was made to kill Alvin Collins and Robert Lee Davis, whether defendant had an intent to inflict great bodily harm, and that the attempted killing occurred while the defendant was engaged in the commission or attempted commission of armed robbery.*

(emphasis added to erroneous provisions.) Under Louisiana law, specific intent to kill is an indispensable element of the crime of attempted second degree murder. *See State v. Butler,* 322 So.2d 189, 192 (La. 1975). As the Louisiana Court of Appeals

correctly noted, the trial court erroneously instructed the jury that it could convict Scott of attempted second degree murder if it found that he had the specific intent to inflict great bodily harm or that he attempted murder during the commission of a felony. *Scott,* 490 So.2d at 402.

■ Both the Louisiana Court of Appeals and the federal district court concluded that the erroneous instruction was harmless error. Both courts reasoned that because the jury convicted Scott of second degree murder of Eddie Collins, it was inconceivable that the jury could have found that Scott had specific intent to kill Eddie Collins, but only an intent to inflict great bodily harm on Alvin Collins and Davis.

This reasoning ignores the fact that the jury did not need to find specific intent to kill to convict Scott of second degree murder. To prove second degree murder, the state had to prove one of the following: that Scott had specific intent to kill Eddie Collins, or that Scott had specific intent to inflict great bodily harm, or that Scott's crime fell within the scope of the felony-murder rule. La.Rev.Stat.Ann. § 14:30.1. Thus, the jury could have convicted Scott for second degree murder without concluding that he had specific intent to kill Eddie Collins. It could have determined that Scott had only specific intent to inflict great bodily harm or that he committed the murder during the commission of a felony. We emphasize that this broader definition of second degree murder is in contrast to the precise requirement that in a conviction for attempted second degree murder there must be proof of an intent to kill.

The federal district court was willing to infer specific intent to kill Alvin Collins and Robert Davis from Scott's conviction of second degree murder. That inference is unacceptably bold. The Louisiana Supreme Court has stated that "[b]y the nature of the attempt definition a specific intent to commit the crime, which may be more demanding than the intent required for the completed offense, is an essential element of that offense." *Butler,* 322 So.2d at 192. The district court's willing-

ness to rely upon intent effectively eliminated this essential element and relieved the state of a constitutional burden. *In re Winship,* 397 U.S. 358, 361–64, 90 S.Ct. 1068, 1071–73, 25 L.Ed.2d 368 (1970). The instructions did not mandate a finding beyond a reasonable doubt of a crucial element, specific intent to kill.

■ The flaw in the jury instruction relating to the charges of attempted murders does not affect the conviction for second degree murder. The second degree murder conviction and sentence stand. For the murder conviction, the trial court sentenced Scott to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. We are shown no current possibility that Scott will suffer from the sentences he is under for attempted murder. The two 50–year sentences for attempted murder, which run concurrently with the life sentence, have no adverse collateral consequences for Scott because of his life sentence without benefit of parole, probation, or suspension of sentence. *Williams v. Maggio,* 714 F.2d 554 (5th Cir. 1983), *cert. denied,* 465 U.S. 1035, 104 S.Ct. 1306, 79 L.Ed.2d 704 (1984). We therefore affirm the district court's dismissal of habeas corpus relief on the attempted murder counts under the concurrent sentence doctrine.

It is possible, however, that one day the error in the jury instruction could adversely affect Scott's right to habeas corpus relief. There is a chance for parole on his life sentence if the life sentence is commuted to a sentence for a definite term of years under La.Rev.Stat.Ann. § 15:574.4(B). If Scott can demonstrate at some future time that his attempted murder convictions affect his ability to get his life sentence commuted to a term of years, or if he can otherwise demonstrate adverse collateral consequences, he must have the right to represent this claim. So we modify the district court's dismissal of the habeas petition with prejudice to one without prejudice.

### CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of the writ of habeas corpus for the second degree murder conviction. We MODIFY the district court's denial of the writ of habeas corpus for the attempted second degree murder convictions to one without prejudice.

AFFIRMED IN PART; MODIFIED IN PART.

WRIT OF HABEAS CORPUS AS TO ATTEMPTED SECOND DEGREE MURDER CONVICTIONS MODIFIED TO DISMISSAL WITHOUT PREJUDICE.