**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-10326
_____


JASON ERIC MASSEY

Petitioner-Appellant,

versus


GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION

Respondent-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-2572)
- - - - - - - - - -
September 13, 2000

Before HIGGINBOTHAM, WIENER, and PARKER, Circuit Judges.

WIENER, Circuit Judge:[*]

In this habeas corpus action, Petitioner-Appellant Jason Eric Massey appeals the district court's denial of his application for a Certificate of Appealability on a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Massey contends that his constitutional rights were violated in two ways. First, he claims that the trial court violated his Fourteenth Amendment rights by denying sufficient funds to pay for both DNA testing and the particular DNA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

expert whom Massey wanted to testify at the sentencing phase of the trial to refute the DNA evidence presented by the prosecution. His second claim is that his Sixth Amendment rights were violated by the ineffective assistance of his counsel in failing to put on psychological testimony that Massey would not be a continuing threat of violence in prison (conceding that he would be a threat were he released from prison).

## I.

## FACTS AND PROCEEDINGS

Massey was charged in state court with the murders of two teenagers. He was convicted of two counts of capital murder and was sentenced to death. The Texas Court of Criminal Appeals affirmed.[1] After exhausting his direct appeals, Massey filed for habeas relief in state court and exhausted his claims there, to no avail. Massey then applied for a writ of habeas corpus in federal district court, which the court denied at the recommendation of the magistrate judge. He appealed that decision to us, seeking a COA. For the reasons that follow, we deny that application.

## II.

## ANALYSIS

A.  Standard of Review

We review an application for a COA under the standard set forth by the Supreme Court in Barefoot v. Estelle, which requires

---

[1] See Massey v. State, 933 S.W.2d 141 (Tex. Crim. App. 1996).

"the habeas petitioner to make a substantial showing of the denial of a federal constitutional right."[2]  Applications for a writ of habeas corpus from a state court are reviewed under the standard set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  Under that standard, we may not issue a writ of habeas corpus with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state court's adjudication of that claim resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3]  A decision is contrary to clearly established federal law "if the state court arrives at a conclusion  opposite to that reached [by the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."[4]  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies

---

[2] Drinkard v. Johnson, 97 F.3d 751, 756 (5th Cir. 1996); see Barefoot v. Estelle, 463 U.S. 880, 893,  103 S.Ct. 3383, 3394 (1983).

[3] 28 U.S.C. § 2254(d).

[4] Williams v. Taylor, ___ U.S. ___, 120 S.Ct. 1495, 1523 (2000).

that principle to the facts of the prisoner's case."[5]  Factual findings of the state court are presumed to be correct and we defer to these findings "unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"[6]

B.    The Fourteenth Amendment Claim

Massey first claims that the state trial court violated his Fourteenth Amendment rights by denying him sufficient funds with which to mount his defense.  As the State was relying heavily on DNA evidence in its case against him, Massey requested funds from the trial court with which to obtain private DNA testing from a Seattle-based laboratory.  After the court provided the necessary funds for that testing, Massey sought additional funds from the court to pay for the services of the DNA expert of his choice, Dr. John C. Gerded, to testify at the punishment phase of his trial. The trial court refused to grant additional funds to pay for this expert although it did offer to subpoena any one of a number of other qualified experts.  Then, on Massey's subsequent request, the trial court authorized expenditure of the funds initially granted to pay for the Seattle DNA testing for use in securing Dr. Gerded's testimony.  Presumably because he had requested such re-allocation,

---

[5] Id.

[6] Chambers v. Johnson, 2000 WL 701934, *2 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)).

4

Massey did not object to this ruling at the time.  He did, however, proceed to use the funds in question in mounting his defense.

As Massey did not timely object to the trial court's refusal to allocate the full amount of funding requested, his claim is procedurally barred by the Texas contemporary objection rule.  The "Texas contemporary objection rule is strictly or regularly applied evenhandedly to the vast majority of similar claims, and is therefore an adequate procedural bar."[7]

We note in passing that even if Massey's Fourteenth Amendment claim were not procedurally barred, it would still fail on the merits.  The State must provide indigent defendants with the assistance of non-psychiatric experts when the evidence to which their testimony would be relevant is both critical to the conviction and subject to varying expert opinions.[8]  This entitlement does not mean, however, that the defendant must be provided with the particular expert of his choice; so long as the court is willing to make neutral experts available, the constitutional requirements of the Fourteenth Amendment are met.[9]

In the instant case, the trial court provided funds to Massey sufficient to obtain DNA testing and even agreed to pay for

---

[7] Corwin v. Johnson, 150 F.3d 467, 473 (5th Cir. 1998).

[8] See Yohey v. Collins, 985 F.2d 222, 227 (5th Cir. 1993); Scott v. Louisiana, 934 F.2d 631, 633 (5th Cir. 1991).

[9] See Akes v. Oklahoma, 470 U.S. 68, 84, 105 S. Ct. 1087, 1097 (1985).

5

additional testing.  It then offered to subpoena a neutral DNA expert to testify on Massey's behalf; however, Massey insisted on hiring Dr. Gerded as he was the only expert who agreed with the interpretation of the DNA evidence that Massey wished to advance. At Massey's request, the trial court agreed to allow Massey to spend funds initially granted to pay for the additional DNA testing to obtain the testimony of Dr. Gerded.  As Massey was not constitutionally entitled to the expert of his choosing and the funding for the additional testing was re-allocated in accordance with Massey's request, the trial court did not violate Massey's Fourteenth Amendment rights.

C.   Ineffective Assistance of Counsel

Massey's second contention is that he was denied the effective assistance of counsel by the failure of his trial counsel to put on evidence at the sentencing phase to demonstrate that Massey would not pose a future danger if incarcerated in prison for life.  To succeed on a claim of ineffective assistance of counsel, the defendant must show that: (1) his "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[10] This test is disjunctive, so failure to succeed on either prong is fatal to a petitioner's claim.

---

[10] <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984).

A trial counsel's "strategic choices made after thorough investigation of the law and facts relevant to plausible options" are to be reviewed with great deference and, in fact, are "virtually unchallengeable."[11] The decision not to put on the kind of evidence advocated by Massey in an effort to show that he would not have been a danger if he were sentenced to life in prison was a valid tactical decision made by Massey's counsel. Massey faults his trial counsel for not trying to prove that Massey would not be dangerous while in prison because his compulsion to kill and mutilate extends only to women and manifests itself only when he experiences uncontrollable urges toward members of that sex. Thus, he advances, he would not become violent in a strictly controlled environment populated solely by males, such as prison.[12] If counsel had made this argument, however, it would have led inevitably to the revelation of the grisly facts of Massey's crime, as well as all the lurid details of Massey's violent and lustful desires. We cannot fault an attorney who avoids the risk of reintroduction of such evidence at the sentencing phase, especially in light of the minimal likelihood of this argument's success.

Instead, Massey's trial counsel introduced other mitigating evidence, attempting to highlight the fact that Massey had been

---

[11] Id. at 690-91, 2066.

[12] This argument ignores the commonly known fact that prisons regularly employ many female employees, both as guards and in other capacities. See Mata v. Johnson, 210 F.3d 324, 326 (2000).

mistreated as a child.  Such tactics evidence a reasonable choice of counsel.

Moreover, Massey fails to show that he was prejudiced by the failure to put on the evidence he advocated regarding future dangerousness.  Given the overwhelming evidence against Massey, the extreme nature of the crimes he committed, and the unpersuasiveness of the flawed argument he wished to present, it cannot be said seriously that "but for counsel's [failure to put on evidence of lack of future dangerousness in prison] the result of the proceeding would have been different."[13]

### III.

### CONCLUSION

For the foregoing reasons we agree with the district court's denial of Massey's application for a COA:  He has failed to make a substantial showing of the denial of his constitutional rights. Therefore we affirm the decision of the district court and deny Massey a COA.

AFFIRMED; COA DENIED.

---

[13] Strickland, 466 U.S. at 494.