**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-20111

BENJAMIN A. BOSTICK,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Benjamin Bostick was convicted of aggravated robbery after pleading guilty. He appeals the denial of his petition for writ of habeas corpus, and we affirm.

## I.

In separate incidents, Henry Fillion and Clarence Eriksen were robbed of their watches at gunpoint. The police suspected Harlan Washington of both robberies and took him into custody, where Eriksen identified him in a line-up. After Washington was charged with aggravated robbery of Eriksen, he hired attorney Doug O'Brien to represent him.

Washington told the police that Bostick was involved in watch robberies, so they contacted Bostick as part of their investigation into the Fillion robbery. Bostick called upon O'Brien to discuss the inquest, but O'Brien referred him to another attorney, explaining that "it would not be in either [Bostick's] or Mr. Washington's best interest to have the same counsel representing them during a pending investigation."

Several of Washington's friends approached Bostick and urged him to confess to the Eriksen robbery. They explained that, because Washington was a career offender, his parole would be revoked if he were convicted. They assured Bostick that he would receive only probation, because he did not have a criminal record. One of Washington's friends then pressured him to go to O'Brien's office and confess to the Eriksen robbery. Bostick acquiesced, wrote out a confession on a legal pad, and gave it to O'Brien. O'Brien warned him that, by issuing the statement, he might be charged with the Eriksen robbery.

Meanwhile, Fillion identified Bostick in a photo array as the person who had robbed him of his watch. The police issued a complaint charging Bostick with aggravated robbery and issued a warrant for his arrest. Bostick returned to O'Brien, who once again explained the potential problems associated with dual representation but agreed to serve as counsel after Washington and Bostick had waived the possible conflict.

At some point, Bostick discussed the Eriksen robbery with O'Brien for a second time. He requested that O'Brien turn over the written confession to the

district attorney and asked that he be allowed to testify at Washington's parole revocation hearing. After the district attorney received Bostick's confession to the Eriksen robbery, the charges against Washington were dropped.[1] Later, O'Brien subpoenaed Bostick to testify on Washington's behalf at the parole revocation proceeding, and Washington's parole was reinstated. Bostick was never charged with the Eriksen robbery.

The police arrested Bostick for the Fillion robbery, and he pleaded guilty. Before the sentencing hearing, O'Brien advised Bostick that he needed to make arrangements to pay for his legal services, and if he was unable to pay, he should contact Washington.

The court sentenced Bostick to eighteen-years' imprisonment, relying on a presentence investigation report ("PSR") that mentioned his confession to the Eriksen robbery. The court denied a motion for new trial that alleged that Bostick's counsel had a conflict of interest in violation of the Sixth Amendment. Bostick's state appeals were unsuccessful.

Bostick raised the issue again in a state petition for writ of habeas corpus, which was denied by the trial court and the Texas Court of Criminal Appeals. Likewise, the federal district court denied habeas relief. We granted a certificate of appealability ("COA") to determine "whether [his] trial counsel labored under an actual conflict of interest that adversely affected counsel's performance."

---

[1] The exact chronology of events is a bit confused in the record. Specifically, it is not evident whether Bostick confessed to the Eriksen robbery before or after he was charged with the Fillion robbery and retained O'Brien as his counsel. Bostick was charged on December 6; his brief says that the confession was turned over on December 2, but the presentence investigation addendum says that it was tendered on December 9. The hand-written confession letter is dated December 9, but Bostick's affidavit says he was forced to write that letter in O'Brien's office on December 2.

II.

A.

"In reviewing requests for federal habeas corpus relief, we review the district court's findings of fact for clear error, but review the issues of law de novo." *Myers v. Johnson*, 76 F.3d 1330, 1333 (5th Cir. 1996) (citation omitted). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "when a federal habeas petitioner's claim has been adjudicated on the merits in a state court proceeding, a federal court may only grant habeas relief if the state court's adjudication of the claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) resulted in a decision that was based on an unreasonable interpretation of the facts in light of evidence presented in the state court proceeding." *Rogers v. Quarterman*, 555 F.3d 483, 488 (5th Cir. 2009) (citing 28 U.S.C. § 2254(d)(1), (2)), *petition for cert. filed* (May 13, 2009) (No. 08-10421).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies the principle to the fact's of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (citation omitted). Ultimately, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable––a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Further, state court determinations of factual issues "shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

The Sixth Amendment protects a defendant's right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). To establish a deprivation of that right, a defendant ordinarily must show "that counsel's representation fell below an objective standard of reasonableness" and "that the deficient representation caused prejudice." *Coble v. Quarterman*, 496 F.3d 430, 435 (5th Cir. 2007) (citations and internal quotation marks omitted). Prejudice is presumed, however, in the narrow class of cases where a "defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Washington*, 466 U.S. at 692 (1984) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 350, 348 (1980)).[2]

We granted a COA to determine whether Bostick is entitled to *Sullivan*'s presumption of prejudice. Under AEDPA, "the question before us is whether the [state] Court of Appeals reasonably applied the two prong test of whether (1) there was 'an actual conflict of interest' that (2) 'adversely affected his lawyer's performance.'" *Ramirez v. Dretke*, 396 F.3d 646, 649 (5th Cir. 2005) (quoting *Sullivan*, 446 U.S. at 348).

Multiple representation does not always create an impermissible conflict. *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007). "[S]omething more than a speculative or potential conflict" must be shown. *Id.* "[A] conflict will exist only when counsel is 'compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client.'" *Id.* (quoting *United*

---

[2] "In the absence of [*Sullivan*]'s actual conflict exception, a defendant claiming that his attorney had a conflict of interest must show a reasonable probability that the conflict prejudiced the defense, undermining the reliability of the proceeding." *United States v. Garza*, 429 F.3d 165, 171 n.3 (5th Cir. 2005) (citation and internal quotation marks omitted). *See also Beets v. Scott*, 65 F.3d 1258, 1265-66 (5th Cir. 1995) (en banc) (discussing the relationship between *Washington*'s ineffective-assistance-of-counsel standard and *Sullivan*'s conflict-of-interest standard).

*States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006)).

## C.

The state habeas court did not unreasonably apply the *Sullivan* standard to Bostick's petition. At the outset, it is critical to identify the scope of any potential conflict of interest. Specifically, Bostick's brief criticizes O'Brien for his defense tactics.[3] Those criticisms do not implicate any alleged conflict of interest, however, because none involves O'Brien's "choosing between or blending the divergent or competing interests of" Bostick and Washington—Washington could not have derived any benefit from Bostick's receiving a greater or lesser sentence. Within the context of the Fillion prosecution, O'Brien was not in a position in which his "clients' interests diverge[d]" in a way that forced him to "choose between the interests of multiple clients" or "compelled [him] to compromise his duty of loyalty." *Culverhouse*, 507 F.3d at 893.

The only potential conflict is Bostick's hand-written confession to the Ericksen robbery, which directly advanced Washington's exoneration and potentially increased Bostick's sentence.[4] We therefore focus on that confession.

The state habeas and federal district courts found that O'Brien did not pressure Bostick to confess to the Eriksen robbery. The district court determined that Bostick "initiated contact with O'Brien with the intent to exonerate Washington" and that "[a]lthough [Bostick] attests that he confessed to both offenses under duress from Washington's friends, he does not attest, and the record does not show, that O'Brien was aware of such coercion or that O'Brien

---

[3] For example, Bostick complains that O'Brien did not present any character witnesses at his sentencing.

[4] Bostick discusses the fact that O'Brien subpoenaed him to testify about the Ericksen robbery at Washington's parole revocation hearing, but only the hand-written confession was brought to the sentencing court's attention. The PSR cites only the written confession and does not mention the parole hearing testimony.

pressured [Bostick] in any way." Both courts also implicitly credited O'Brien's affidavit that he briefed Bostick on the conflict of interest and fully warned him of the potential consequences of confessing over Bostick's contrary affidavit that O'Brien did not explain the conflict and promised he would receive only parole.

Given those predicate findings, the state court's application of *Sullivan* was not unreasonable. Although O'Brien may have had divided loyalty, that division did not adversely affect his representation of Bostick, because the only relevant harm was the confession on which Bostick––not O'Brien––insisted.

To prevail, Bostick would need to present evidence contradicting the predicate findings. He therefore must establish (1) that O'Brien actually pressured him to make the confession or turn it over to the district attorney; or (2) that less-conflicted counsel would have done a better job of convincing him not to make the confession. He has not attempted to demonstrate either.

In short, *Sullivan* requires the defendant to "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." 446 U.S. at 348. There has been no showing that any conflicting interest adversely affected Bostick's representation. The state habeas court's application of *Sullivan* was therefore not objectively unreasonable, and the denial of habeas relief is AFFIRMED.