# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2010

Lyle W. Cayce
Clerk

No. 08-40450

PATRICK DEON DAVIS,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-397

Before JONES, Chief Judge, and BENAVIDES and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Patrick Deon Davis ("Davis"), convicted of attempted murder, aggravated assault, and possession of a firearm by a felon and sentenced to concurrent terms of imprisonment of 40, 30, and 10 years, respectively, appeals the denial of federal habeas relief. Davis contends that he received ineffective assistance of counsel based on an alleged conflict of interest with his attorney.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-40450

Additionally, Davis argues that the district court erred in applying the concurrent sentence doctrine to vacate his aggravated assault conviction and sentence and to decline review of whether he received ineffective assistance of counsel for his counsel's failure to advance a double jeopardy claim during trial or challenge the indictment as multiplicitous. On March 24, 2009, this Court granted a Certificate of Appealability ("COA") with respect to these claims. *See* 28 U.S.C. § 2253(c).

Davis has not shown an actual conflict or that an actual conflict adversely affected him. Nor has Davis shown that the district court's decision to vacate his aggravated assault conviction and sentence was error. Because the conviction for both attempted murder and aggravated assault in this case violated the provisions of the Double Jeopardy Clause, the district court was correct in vacating the aggravated assault conviction and denying relief on the attempted murder charge.

## I. BACKGROUND

Tim Owens, his aunt, Demond Owens, and some of their friends drove to Sharon Fletcher's house. Upon arrival, Tim and Demond exited their vehicle to go to the house. Appellant Davis and several other men surrounded and opened fire on Tim. The resulting shotgun pellets blinded him. At the scene of the shooting, police recovered spent shell casings, including a spent 20 gauge shotgun shell and several spent .380 shells.

Davis was tried before a jury and found guilty on charges of attempted murder, aggravated assault, and unlawful possession of a firearm by a felon. On March 11, 2005, Davis was sentenced to concurrent terms of 40 years for attempted murder, 30 years for aggravated assault, and 10 years for unlawful possession of a firearm by a felon.

After his state appeal and state habeas remedies were denied, Davis filed the instant federal habeas petition. The district court denied habeas corpus

No. 08-40450

relief as to all claims, except the claim of ineffective assistance of counsel based on trial and appellate counsel's failure to raise double jeopardy claims. Specifically, Davis argued that double jeopardy barred a conviction for both aggravated assault and attempted murder. The State conceded that double jeopardy barred a conviction for both attempted murder and aggravated assault under the indictment brought against Davis. Based on the State's concession and request, the district court vacated the aggravated assault conviction on the basis of the concurrent sentence doctrine and denied relief as to the attempted murder conviction rather than find a violation and grant relief. This Court granted Davis's request to issue a COA with respect to whether Davis validly waived his right to conflict-free representation and, if not, whether Davis received ineffective assistance of counsel based on the alleged conflict of interest. This Court also granted a COA with respect to whether the district court's application of the concurrent sentence doctrine as applied to Davis was error.

## II.    STANDARD OF REVIEW

In examining requests for federal habeas corpus relief, we review for clear error the findings of facts made by the district court. *Bostick v. Quarterman*, 580 F.3d 303, 306 (5th Cir. 2009) (citing *Myers v. Johnson*, 76 F.3d 1330, 1333 (5th Cir. 1996)). We review de novo the district court's conclusions of law. *See id.* Pursuant to the federal habeas statute, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we defer to a state court's adjudication of a petitioner's claims on the merits unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009); *see also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) (noting that

3

federal habeas relief is merited only if the state court decision is incorrect and objectively unreasonable). A state court's decision is contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior Supreme Court decision or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Avila*, 560 F.3d at 304 (citing *Williams v. Taylor*, 529 U.S. 362, 404-08 (2000)). The state court's findings of fact are presumed to be correct. *Id*. Thus, the petitioner has the burden to rebut this presumption with clear and convincing evidence. *Id*. (citing *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001)).

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

To establish ineffective assistance of counsel, Davis must show (1) defense counsel's performance was deficient and (2) this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We must find that trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*. The Supreme Court instructs courts to look at the "norms of practice as reflected in American Bar Association standards" and to consider "all the circumstances" of a case. *Id*. at 688. While "[j]udicial scrutiny of counsel's performance must be highly deferential," Davis can demonstrate deficient performance if he shows "that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688-89. However, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Webster*, 392 F.3d 787, 793 (5th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689). *Strickland*'s "prejudice" prong requires a reasonable probability that, but for the deficient performance of his trial counsel, the outcome of his trial would have been different. *Strickland,* 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

No. 08-40450

Our review of the record provides little support that the district court erred in finding that Davis waived his Sixth Amendment claim by insisting on Cargill's continued representation in the state trial court at a hearing at which potential conflicts were discussed. However, we need not rely on waiver. Rather, Davis's inability to show that an actual conflict existed and that he was adversely affected by such conflict dooms his position. A claim for a conflict of interest based on multiple representation requires the petitioner to show that i) counsel actively represented conflicting interests and ii) the conflict of interest adversely affected counsel's performance. *Beets v. Scott*, 65 F.3d 1258, 1265-66 (5th Cir. 1995) (en banc); *see Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980). Multiple representation does not always create an impermissible conflict. *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007). A speculative or potential conflict is not enough; rather, a conflict exists when counsel is compelled to compromise duties of loyalty to his client. *See Bostick*, 580 F.3d at 307.

An actual conflict exists if defense counsel is in a position of divided loyalties, *see United States v. Infante*, 404 F.3d 376, 392 (2005), that results in counsel knowing his clients' interests diverge and that requires him to choose between the interests or compromise his duty of loyalty, *Culverhouse*, 507 F.3d at 893. If counsel is burdened with an actual conflict of interest, prejudice is presumed once the applicant shows both that counsel acted under the influence of the conflict and that counsel's actions adversely affected the representation. *Id.* at 892. A conclusory allegation of an actual conflict is insufficient for obtaining habeas corpus relief. *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). An "adverse effect" is established with evidence that presents a plausible defense strategy or tactic that could have been pursued but for the actual conflict. *Id.*

5

No. 08-40450

Davis contends that Cargill's representation of Gross and Oliver was a conflict that resulted in Cargill not calling them to testify as witnesses in Davis's defense. Prior to Davis's trial, Oliver had testified at Davis's parole hearing that Davis "was not there on the night of the shooting." Cargill provided an affidavit with the following response:

> Mr. Davis hired me because I was representing the other defendants. I do not believe there existed an actual conflict of interest. LaMarvin Gross and Robin Oliver never planned to testify that Mr. Davis was not there. In fact, they would have testified to the contrary. Mr. Davis admitted to counsel that he was there, but not involved in the shooting but wanted to pursue the alibi defense to avoid parole revocation.

While Davis asserts that Gross and Oliver would have testified on his behalf if asked, he does not support his assertion. *See Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981) (stating that uncalled witness complaints are not favored because of the speculative nature of the alleged testimony and trial strategy that occurs). Davis also did not provide affidavits executed by either of the two co-defendants stating their willingness to testify and the content of their testimony. Conclusory assertions of a conflict are not enough for habeas relief. *See Perillo*, 205 F.3d at 781; *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). By failing to present evidence that establishes a plausible defense strategy or tactic that could have been pursued but for the actual conflict, Davis has not shown an actual conflict that adversely affected him. Habeas relief based on his conflict claim is denied.

IV.    CONCURRENT SENTENCE DOCTRINE

We also granted a COA to determine whether the district court's decision to apply the concurrent sentence doctrine and to decline review of whether Davis received ineffective assistance of counsel for his counsel's failure to advance a double jeopardy claim during trial or challenge the indictment as multiplicitous

6

was error. The concurrent sentence doctrine is a tool of judicial economy. *United States v. Stovall*, 825 F.2d 817, 824 (5th Cir. 1987) (citing *Benton v. Maryland*, 395 U.S. 784, 791 (1969)). Under this doctrine, the existence of one valid sentence makes unnecessary the review of other sentences that run concurrently with it. *Id.* We have applied this doctrine in a variety of cases, including cases with claims of Double Jeopardy violations. *See id.*; *see also Scott v. Louisiana*, 934 F.2d 631, 633-35 (5th Cir. 1991); *Williams v. Maggio*, 714 F.2d 554, 555-56 (5th Cir. 1983) ("even assuming that he could [prevail on the merits of his double jeopardy claim for duplicative convictions], the maximum habeas relief available would be the invalidation of one of the sentences . . ."); *Dennis v. Hopper*, 548 F.2d 589, 590 (5th Cir. 1977); *Rogers v. Wainwright*, 394 F.2d 492, 493 (5th Cir. 1968) (per curiam).

Davis's central claim against the use of the concurrent sentence doctrine is that his case should be remanded for resentencing rather than having his aggravated assault conviction and sentence vacated because his counsel failed to raise a double jeopardy claim in the trial court. The State concedes, and we agree, that the conviction was an unreasonable application of federal law and a violation of double jeopardy:

> Here, Davis' indictment alleged that he committed both the attempted murder and aggravated assault counts by shooting Tim Owens with a firearm. *Ex Parte Davis*, at 81-83. This is clearly the same conduct: thus, Davis' aggravated assault offense was included in the attempted murder offense, and his convictions and sentences for both offenses are jeopardy-barred under Texas law.

Our review of the record and the State's concession demonstrate that Davis is not entitled to further relief. We need not determine whether the doctrine is applicable for a state court conviction after AEDPA because the remedy in both federal and Texas state courts for a defendant subjected to multiple punishments for the same conduct is to affirm the conviction for the most serious

offense and vacate the other included convictions.[1] *See, e.g.*, *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). The most serious offense is the offense in which the greatest sentence was assessed. *Id.* at 373. Davis's attempted murder conviction carried the greatest sentence. Thus, Davis received the maximum habeas relief available when the district court vacated his aggravated assault conviction. *See Scott*, 934 F.2d at 633; *Williams*, 714 F.2d at 555-56; *Dennis*, 548 F.2d at 590; *Rogers*, 394 F.2d at 493.

Because the vacatur of the aggravated assault conviction was proper for the instant double jeopardy conviction, the judgment of the district court is AFFIRMED.

---

[1] Similarly, in federal court, when a defendant is improperly convicted for a lesser included offense, we have held that the proper remedy is to leave the conviction and sentence for the greater offense intact and vacate the conviction and sentence on the lesser included offense. *United States v. Buckley*, 586 F.2d 498, 505 (5th Cir. 1978). If the included convictions do not lead the trial court to impose a harsher sentence than it would have in the absence of such convictions, remand for resentencing is unnecessary. *See id.* (citing *United States v. Slutsky*, 487 F.2d 832, 845-46 n.18 (2d Cir. 1973)).