**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 15, 2012

No. 11-50291
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS GREGORIO MACIAS-MUNOZ, also known as Jesse Macias,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:92-CR-132-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Macias-Munoz, proceeding *pro se*, challenges the district court's denial of his motion in 2011 to vacate an order granting the Government leave to dismiss two counts against him after the sentences on those counts were vacated on appeal by our court in 1996.

Macias was convicted of 11 drug-trafficking counts in September 1994. The district court imposed various sentences ranging from 135-months' to life imprisonment, with the four life sentences running concurrently. On direct

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal, our court vacated Macias' life sentences on two counts as exceeding the statutory maximum and remanded for resentencing. *See United States v. Gaytan*, 74 F.3d 545, 561-62 (5th Cir. 1996). With leave of court, the Government instead dismissed those two counts in April 1996. *See* Fed. R. Crim. P. 48(a).  In February 2011, Macias moved to vacate the dismissal and reinstate his convictions on those counts, maintaining he had not been advised of the Government's motion when it was filed.

Macias contends the district court erred by exceeding the scope of its authority under the mandate in *Gaytan* by allowing the Government to dismiss the two counts.  But, he cites no authority for showing he has a right to be sentenced on counts the Government chooses to dismiss.

Macias' contention–that an indictment cannot be dismissed after a conviction on it–is contrary to precedent. *See Rinaldi v. United States*, 98 S. Ct. 81, 81-82, 86 (1977) (dismissing indictment after conviction on it).  In any event, Macias remains imprisoned on the life sentences imposed for his convictions on two other counts.  If a defendant must remain imprisoned under a valid sentence, our court may decline to consider any issues pertaining to other sentences concurrent with the valid sentence. *Williams v. Maggio*, 714 F.2d 554, 555 (5th Cir. 1983).  This concurrent-sentence doctrine—a doctrine "of judicial convenience"—may be applied if no adverse collateral consequences attach as a result. *Id*.  Accordingly, the concurrent-sentence doctrine is applicable, as there is no indication Macias will suffer such consequences.

AFFIRMED.