# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30820
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2015

Lyle W. Cayce
Clerk

THOMAS BILLARD,

Petitioner-Appellant

v.

HOWARD PRINCE, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2320

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury convicted Thomas Billard, Louisiana inmate # 448956, of two counts of armed robbery; he was sentenced on each count to concurrent terms of 50 years of imprisonment at hard labor. *State v. Billard*, 852 So. 2d 1069, 1070-71 (La. Ct. App. 2003); *Billard v. Kling*, 2011 WL 497175, 1 (La. Ct. App. Feb. 11, 2011). The state filed a multiple bill charge as to the first count. Billard pleaded guilty, after which the trial judge vacated Billard's previous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30820

armed robbery sentence on that count and resentenced him as a multiple offender to 50 years at hard labor, without benefit of probation, suspension of sentence, or good time, to run concurrently with any other sentence that Billard was serving. *Id.* Billard's sentence on the second count was unchanged. *See id.*

In the instant 28 U.S.C. § 2254 petition, Billard challenged, among other things, his 50-year sentence following his guilty plea to the multiple offender bill, arguing that his guilty plea to the multiple offender bill was rendered involuntary and not knowing when the sentencing court advised him, incorrectly, that he would be eligible for parole. This court granted Billard a certificate of appealability to appeal this issue.

To obtain habeas relief, Billard must show "actual prejudice" as a result of the alleged constitutional infringement, *i.e.*, that it had "substantial and injurious effect." *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993); *Hogue v. Johnson*, 131 F.3d 466, 499 (5th Cir. 1997). Given that Billard remains incarcerated on the concurrent 50-year sentence he received on the second armed robbery count and that, under Louisiana Revised Statute § 14:64, his sentence must be served without parole, probation, or suspension of sentence, he cannot make the required showing. *See Williams v. Maggio*, 714 F.2d 554, 556 (5th Cir. 1983). We pretermit deciding the respondent's procedural defenses. *See Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir. 2004). Billard's motion for the appointment of counsel is **DENIED**.

**AFFIRMED.**