# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30533
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT MARCUS MONTES, also known as Mook,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CR-226-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Marcos Montes appeals following his conviction and sentence for conspiracy to distribute methamphetamine. He argues that he was denied his Sixth Amendment right to counsel when prior counsel effectively abandoned him at a hearing for a motion to withdraw his guilty plea. Montes further contends that the district court failed to conduct the required inquiry under *Faretta v. California*, 422 U.S. 806 (1975), prior to his self-representation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30533

A defendant can be constructively denied counsel if (1) counsel is prevented from assisting the defendant at a critical stage, (2) counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing," or (3) counsel "actively represented conflicting interests." *See United States v. Cronic*, 466 U.S. 648, 659-61 & nn. 25, 28 (1984) (internal quotation marks and citation omitted). To the extent that Montes's initial brief asserts a conflict of interest theory, he has not specified what interest counsel allegedly maintained that conflicted with his duties to his client. *See Bostick v. Quarterman*, 580 F.3d 303, 306 (5th Cir. 2009). To the extent Montes argues that counsel's alleged failure to argue the motion is a failure to present meaningful adversarial advocacy, counsel's conduct at the hearing does not constitute a complete abandonment. *See Bell v. Cone*, 535 U.S. 685, 695 (2002). Specifically, counsel was present during the entire hearing, conferred privately with Montes on various occasions, explained Montes's desire to bring the motion, and spoke on behalf of Montes at times. Therefore, we reject Montes's claim that counsel abandoned him, without prejudice to any ineffective assistance claim he may choose to raise on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Montes's claim that the district court improperly denied him a *Faretta* hearing likewise is unavailing. As explained, he was not completely abandoned by counsel. Moreover, he never unequivocally invoked his right to self-representation. *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008).

For these reasons, the judgment of the district court is AFFIRMED.